No. 93-490

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

JAMES P. CHALLINOR and
BETTY E. CHALLINOR,

      Plaintiffs and Appellants,

    v.

GLACIER NATIONAL BANK and
DOUGLAS B. REMICK,

      Defendants and Respondents.

APPEAL FROM:   District Court of the Nineteenth Judicial District,
In and for the County of Lincoln,
The Honorable Robert S. Keller, Judge presiding.

COUNSEL OF RECORD:

      For Appellants:

          Russell K. Jones, Attorney at Law,
          Spokane, Washington

      For Respondents:

          I. James Heckathorn, Murphy, Robinson,
          Heckathorn & Phillips, Kalispell, Montana

**FILED**

SEP 13 1994

Filed:

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:  August 4, 1994

Decided:  September 13, 1994

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

James and Betty Challinor filed a complaint in the District Court for the Nineteenth Judicial District in Lincoln County in which they sought damages for an alleged breach of a suretyship contract. The Challinors' subsequent motion for substitution of judge was declared void on the basis that it was untimely. In an order issued on August 19, 1993, the court granted summary judgment in favor of Glacier National Bank and Remick. The Challinors appeal.

We reverse and remand.

The dispositive issue on appeal is whether the District Court erred when it dismissed the motion for substitution of the District Court Judge.

This litigation arises out of a road construction contract between the United States Forest Service and James Challinor. In connection with this contract, Glacier National Bank served as surety for Challinor, guaranteeing performance by Challinor to the Forest Service. The surety agreement was secured by mortgages on James and Betty Challinors' home and land.

In 1984, the Forest Service declared the Challinors in default and made demand on the bank for payment pursuant to the surety agreement. In response, Glacier National Bank performed the surety obligation.

In the first of three related actions, the Challinors commenced a civil action in 1986 against Glacier National Bank in which they alleged that the bank breached the surety agreement when it made payment to the Forest Service over the Challinors'

2

objection and without raising available defenses. This action was later dismissed by the District Court due to the failure of either party to appear when the case was called by the court.

In 1987, the bank commenced a mortgage foreclosure action against the Challinors to obtain reimbursement for payments made under the surety obligation. The Challinors attempted to raise a suretyship defense at the trial of this matter in 1990, but the court disallowed the defense for the reason that it had not been pled, was not disclosed in any pretrial discovery nor at the pretrial conference, and was not properly before the court. This Court affirmed the exclusion of a suretyship defense in that action in *Glacier National Bank v. Challinor* (1992), 253 Mont. 412, 833 P.2d 1046.

On November 28, 1990, the Challinors filed an additional complaint, which is the subject of this appeal, against Glacier National Bank and Remick in which they claimed breach of a suretyship contract due to the bank's alleged failure to assert available defenses when payment was demanded by the Forest Service. A summons was served on Remick in this action on January 9, 1991. On February 26, 1991, summons was served on Glacier National Bank.

Three days later, on March 1, 1991, the Challinors filed a motion for substitution of judge pursuant to § 3-1-804, MCA. The District Court Judge did not withdraw from the case and issued an order on March 19, 1991, stating that the motion for substitution of judge "is declared void as untimely." Thereafter, the bank moved for summary judgment based on the law of compulsory counterclaim and *res judicata*. The court held that this Court's

3

decision in *Glacier National Bank v. Challinor*, 833 P.2d 1046, "was dispositive with respect to the suretyship question raised in the instant case." On this basis, the District Court granted summary judgment in the bank's favor. This appeal followed.

The Challinors contend that the court erred when it denied their motion for substitution of judge, and when it granted summary judgment based on compulsory counterclaim and *res judicata*. However, we find the issue of judicial substitution dispositive in this case, and address only that matter.

Montana law entitles each adverse party in a civil or criminal case to one substitution of a district court judge. Section 3-1-804, MCA. Once a timely motion has been filed, the substituted judge is without jurisdiction to act on the merits of the cause or to decide legal issues therein. Section 3-1-804(1)(a), MCA; *Taylor v. Matejovsky* (1993), 261 Mont. 514, 517, 863 P.2d 1022, 1024.

Section 3-1-804(1)(c), MCA, requires that the motion be brought within the following time:

> When a judge is assigned to a cause for twenty (20) consecutive days after service of summons . . . and no motion for substitution of judge has been filed within said time period, the right to move for substitution of a judge shall be deemed waived.

The judge for whom substitution is sought has jurisdiction to determine timeliness, and if the motion for substitution is untimely, shall issue an order declaring the motion void. Section 3-1-804(1)(e), MCA.

In this instance, the court declared the motion for substitution, filed on March 1, 1991, void because summons had been

4

served on defendant Remick on January 9, 1991, more than 20 days previous. The Challinors, however, contend that their motion for substitution was timely because it was filed only three days after summons was served on the co-defendant, Glacier National Bank. They assert that in a case such as this where there are multiple defendants, the time period for moving for a substitution of judge should run from the date service of summons is complete rather than from the date the first defendant is served.

The bank responds that the judicial substitution statute should be interpreted to require a plaintiff to move for substitution within 20 days after the first defendant is served. The time period for one or more defendants to exercise the right to substitution would then vary depending on the time each defendant is served.

Section 3-1-804, MCA, which entitles each party in a proceeding to one substitution of a judge, was created by an order of this Court dated June 17, 1987. As written, the statute sets forth a time period for exercising this right which is 20 consecutive days "after service of summons." While the statute is not clear with regard to multiple defendants, we hold that this phrase contemplates that the time should run from the completion of service of process. A reasonable interpretation of the statute, which would also ensure the most consistent application of this provision, is that the right of any party named in the original complaint, or any complaint amended without order of the court, to move for judicial substitution is not waived until a judge is assigned to a cause for 20 consecutive days after all of the

5

defendants have been served. Consequently, a motion made by any party within 20 days after completion of service of process is timely.

While the concerns expressed in the dissent are noted and well-taken, it is the opinion of the majority that those concerns are best addressed by a prospective rule change, rather than an after-the-fact interpretation which adds limitations on disqualification that had not previously been in the rule.

In this case, the Challinors timely moved for substitution of the District Court Judge three days after service of process was completed. Therefore, we conclude that the court erred when it dismissed the motion and did not allow the Challinors to exercise their statutory right to substitution of the District Court Judge.

Pursuant to § 3-1-804(1)(a), MCA, once the motion for substitution of judge was timely filed, Judge Keller was without jurisdiction to act on the merits of the case, including consideration of the bank's motion for summary judgment. *Taylor*, 863 P.2d at 1024. Because the court was without jurisdiction to consider the merits of the bank's arguments, we decline to review the merits of the District Court's order granting defendants' motion for summary judgment. Accordingly, the order granting the bank's motion for summary judgment is vacated and this matter remanded for a new hearing after a substitution of judge.

_____
                Justice

6

We concur:

_____
Chief Justice



_____
Justices

Justice William E. Hunt, Sr., did not participate in this decision.

7

Justice Fred J. Weber dissents as follows:

Following are pertinent provisions of § 3-1-804, MCA, which should be considered on the issues in this case:

### 3-1-804.   Substitution of district judges.

. . . .

1.   A motion for substitution of a district judge may be made by any party to a proceeding only in the manner set forth herein.  In a civil or criminal case, each adverse party, including the state, is entitled to one substitution of a district judge.

. . . .

(b)  . . . It shall be the duty of the clerk of court to stamp the name of the judge to whom the case is assigned on the face of the initial pleading, complaint, order to show cause, or information, and all copies thereof.

(c)  When a judge is assigned to a cause for (20) consecutive days after service of summons, or ten (10) days after service of an order to show cause, information or other initiating document, and no motion for substitution of judge has been filed [within] said time period, the right to move for substitution of a judge shall be deemed waived. . . .  After the time period shall have run as to the original parties to the proceeding, no party who is joined or intervenes thereafter shall have any right of substitution, except that one third party defendant who is not an original party in any pending case may have a right of one substitution within twenty (20) days after the service upon the third party defendant of a third party complaint.

. . . .

(e)  Any motion for substitution which is not timely filed is void for all purposes.  The judge for whom substitution is sought shall have jurisdiction to determine timeliness, and if the motion for substitution is untimely, shall make an order declaring the motion void.

The following are key points to be considered in this case:  A motion for substitution may be made "only" in the manner set forth in the rule.  In a civil case each party is entitled only to "one" substitution.  The clerk of court stamps the name of the judge to whom the case is assigned on the face of the complaint with the

8

result that the Challinors had knowledge of the judge to whom the case was assigned from the time of filing of their complaint.

In substance the majority opinion concludes:

A reasonable interpretation of the statute, which would also ensure the most consistent application of this provision, is that the right of any party . . . to move for judicial substitution is not waived until a judge is assigned to a cause for 20 consecutive days after all of those defendant have been served.

I disagree with the conclusion that the foregoing is a reasonable interpretation of § 3-1-804, MCA.

On November 28, 1990, the plaintiffs Challinors filed their complaint and had knowledge on that date that Judge Keller had been assigned the case. On January 9, 1991, Challinors caused the summons to be served on defendant Remick. On February 26, 1991, Challinors caused the summons to be served on Glacier National Bank.

At issue here is the time allowed to plaintiffs Challinors to file their motion for substitution. Because the rule triggering date is the date of service of summons, even though Challinors knew the identity of the assigned judge on November 28, 1990, the earliest date on which the rule could be applied to them is 20 days after the service of summons on Remick on January 9, 1991. I suggest that the reasonable interpretation of the rule is that within 20 days after the summons was served on Remick on January 9, 1991, the Challinors and Remick were required to file any motion for substitution. I further suggest that within 20 days after February 26, 1991, when summons was served on the Bank, it was required to file any motion for substitution.

9

The foregoing interpretation is consistent with the statute which emphasizes that a motion must be made as provided only in the rule. This interpretation is fair to plaintiffs Challinors as it gives them from November 28, 1990 to January 29, 1991 within which to make a motion for substitution. As to defendant Remick he would have until January 29, 1991. The Bank after being served on February 26, 1991, would have until March 18, 1991, in which to file a motion.

The rule is already more than fair to plaintiffs such as the Challinors as they are granted 20 days after service of summons, even though they have had knowledge of the judge to whom the case was assigned from the date of the filing of their complaint. I emphasize that the majority opinion essentially eliminates the primary purpose of the rule which is to require substitution to take place promptly and thereby eliminate that which is now allowed under the majority opinion--in a multi-defendant case, all the plaintiff need do is wait to serve one named defendant or John Doe defendant, and he then preserves the right to move for substitution of the judge until any time he chooses in the course of the litigation. The obvious purpose of the rule is to keep from having the rule interpreted as the majority has done. The result of the majority opinion is that where one named party has not been served, the plaintiff or plaintiffs and all defendants may control the litigation by moving to substitute a judge at any stage of the proceeding, including at the time of trial. Obviously nothing of that nature was contemplated under the rule.

10

From the wording of the majority opinion, it appears that the majority may have been influenced by the fact that within three days after the service on the Bank, the Challinors did file a motion for substitution which was three days after the service on the Bank and only a relatively short time after the service on Remick. If that time frame influenced the majority, I would point out that under my suggested interpretation of the rule which would require the Challinors to file their motion by January 29, 1991, they were given 60 days from the date on which they acquired the knowledge of the name of the district judge to whom their case was assigned. Sixty days is an ample time.

I would affirm the determination of the District Court.

_____
Justice


Chief Justice J. A. Turnage concurs in the foregoing dissent.

_____
Chief Justice

11