IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 99-502

1999 MT 258

297 Mont. 20

993 P.2d 653

_____

IN RE THE MARRIAGE OF )

)

JACK D. ARCHIBALD, )

) OPINION

Petitioner, )

) AND

and )

) ORDER

MARY D. ARCHIBALD, )

)

Respondent. )

_____

**¶ Jack Archibald (Jack) filed a petition for dissolution of his marriage to Mary**

Archibald (Mary) on July 9, 1999, in the Fourth Judicial District Court, Missoula County. District Court Judge John W. Larson was assigned to the case. Jack caused Mary to be served with the petition and a summons on July 16, 1999, and a return was filed. On August 5, Jack moved to substitute Judge Larson, and Judge Larson subsequently denied the motion as untimely under the 10-day period set forth in § 3-1-804(1)(c), MCA.

¶ Thereafter, Jack filed a motion for substitution of judge with this Court. Observing that no appeal was pending and that the District Court's order was not an appealable interlocutory order under Rule 1, M.R.App.P., but having concerns relating to the lack of an adequate remedy in the event the court had erred, we deemed Jack's motion an application for supervisory control, accepted jurisdiction and ordered responses. Those responses have now been filed and, pursuant to Rule 17(f), M.R. App.P., we deny and dismiss Jack's application for supervisory control.

¶ Prior to addressing whether the District Court erred in denying Jack's motion to substitute, we note that the parties differ in their interpretation of the nature of the District Court's ruling and, correlatively, this Court's standard of review. The number of days which elapse between one event referenced in § 3-1-804(1)(c), MCA, and another is clearly a question of fact. Here, the District Court found that Jack filed his motion to substitute more than 10 days after filing his petition for dissolution and serving the petition and a summons on Mary. Those findings are not disputed and, therefore, it is not necessary in this case to apply the "clearly erroneous" test we use in reviewing a district court's findings of fact. *See In re E.W.*, 1998 MT 135, ¶ 9, 959 P.2d 951,¶ 9, 289 Mont. 190, ¶ 9 (citation omitted).

¶ On the other hand, whether a motion to substitute is timely under § 3-1-804(1)(c), MCA, is a question of law. Here, the District Court denied Jack's motion, concluding it was not timely filed pursuant to the 10-day period set forth in § 3-1-804(1)(c), MCA. We review a court's conclusion of law to determine whether the interpretation of the law is correct. *See In re E.W.*, ¶ 11 (citation omitted).

¶ Jack contends that the District Court erred in applying the 10-day period contained in § 3-1-804(1)(c), MCA, rather than the 30-day period. According to Jack, § 3-1-804(1)(c), MCA, entitled him to move to substitute within 30 days after serving Mary with a summons, he made his motion well within that 30-day period and, as a result, his motion to substitute was timely. We disagree.

# ¶ Section 3-1-804(1)(c), MCA, provides in pertinent part:

> When a judge is assigned to a cause for 30 consecutive days after service of a summons, or 10 consecutive days after service of an order to show cause, information or other initiating document, and no motion for substitution of judge has been filed within said time period, the plaintiff or the party filing the order, information or other initiating document, and the party upon whom service has been made shall no longer have a right of substitution. . . .

While the language could have been drafted more clearly, § 3-1-804(1)(c), MCA, clearly states that the party who files an initiating document has 10 consecutive days after the service of that document to move to substitute the presiding judge. A party served with a summons, on the other hand, has 30 consecutive days thereafter to move to substitute the judge. If no motion for substitution of the judge has been filed within the time period applicable to the particular party, the party "shall no longer have a right of substitution. . . ." Section 3-1-804(1)(c), MCA.

¶ In this case, Jack filed the initiating document in the District Court case--the petition for dissolution--on July 9 and served it and a summons on Mary on July 16. Thus, because Jack was the party who filed and served the initiating document in the case, he was subject to the 10-day period set forth in § 3-1-804(1)(c), MCA. His motion to substitute Judge Larson, filed on August 5, was not within the 10-day period within which he was permitted, as the party initiating the action, to move to substitute.

¶ Moreover, to accept Jack's position that he is entitled to the 30-day period set forth in § 3-1-804(1)(c), MCA, within which to file a motion to substitute would render the 10-day period expressly set forth a nullity. Under such an interpretation, all parties would have 30 days after service of a summons on the party defendant or respondent within which to move to substitute. Section 3-1-804(1)(c), MCA, neither contemplates nor authorizes such a result. THEREFORE,

¶ IT IS ORDERED that Jack's application for writ of supervisory control is DENIED and DISMISSED.

¶ The Clerk is directed to mail a true copy of this Order to counsel for the parties and to the Honorable John W. Larson.

¶ DATED this 20th day of October, 1999.

**/S/ J. A. TURNAGE**

**/S/ KARLA M. GRAY**

**/S/ W. WILLIAM LEAPHART**

**/S/ WILLIAM E. HUNT, SR.**

**/S/ JAMES C. NELSON**

**/S/ JIM REGNIER**