No. 01-781

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 113

REBECCA E. MATTSON, et al.,

        Plaintiffs and Respondents,

    v.

MONTANA POWER COMPANY, a Montana
Corporation, and PPL MONTANA, LLC, a Delaware
Limited Liability Company,

        Defendants and Appellants.


APPEAL FROM:    District Court of the Eleventh Judicial District,
                      In and for the County of Flathead,
                      The Honorable Ted O. Lympus, Judge presiding.


COUNSEL OF RECORD:

        For Appellants:

                Sean M. Morris, Worden, Thane & Haines, P.C., Missoula, Montana

                Thomas R. Meites, Meites, Mulder, Burger & Mollica, Chicago, Illinois

        For Respondents:

                Edward Janecek, III, Christian, Samson & Jones, P.C., Missoula, Montana


                Submitted on Briefs: February 28, 2002

                        Decided:    May  30,  2002

Filed:

_____
                        Clerk

Justice Terry N. Trieweiler delivered the Opinion of the Court.

¶1    Plaintiffs, Rebecca E. Mattson, et al., filed a complaint against the Defendant, Montana Power Company, and subsequently joined PPL Montana, LLC, as a Defendant in the District Court for the Eleventh Judicial District in Flathead County.  The complaint and amended complaint alleged, in part, that Defendants' management and operation of the Kerr Dam damaged the Plaintiffs' real property.  After it was joined as a Defendant, PPL filed a motion to substitute the District Court Judge.  The District Court denied the motion and PPL appeals.  We affirm the order of the District Court.

¶2    We address the following issues on appeal:

¶3    1.  Does § 3-1-804(1)(c), MCA, preclude a joined party from substituting a district court judge, without cause, after the time period for the original parties to substitute has expired?

¶4    2.  If a subsequently joined defendant does not have the right to substitute the district court judge, without cause, does § 3-1-804(1)(c), MCA, violate that defendant's right to substantive due process?

FACTUAL BACKGROUND

¶5    On November 8, 1999, Plaintiffs filed a complaint against Montana Power Company (MPC) which alleged that MPC's management and operation of the Kerr Dam, located approximately five miles south of the southwestern shore of Flathead Lake, damaged Plaintiffs' lake and riverfront real property.  Subsequently, MPC conveyed its interest in the Kerr Dam to PPL Montana, LLC.  Therefore, on

2

November 9, 2000, Plaintiffs filed a motion for leave to join PPL as an additional party Defendant. On March 26, 2001, having received no objection, the District Court granted Plaintiffs' motion. Thereafter, Plaintiffs filed an amended complaint which named PPL as an additional Defendant and on April 3, 2001, served PPL with the complaint and summons.

¶6 On May 3, 2001, PPL filed a motion to substitute the District Court Judge pursuant to § 3-1-804, MCA, which permits substitution without cause at certain stages in the proceedings. Plaintiffs filed an objection to PPL's motion on May 7, 2001, on the grounds that PPL "was joined in this action as a Party Defendant, . . . not [as] a Third Party Defendant," and that pursuant to § 3-1-804(1)(c), MCA, the time period for an "original party" to request a substitution of the District Court Judge had expired long before PPL filed its motion. On August 29, 2001, following a hearing, the District Court denied PPL's motion to substitute and certified the order as final pursuant to Rule 54, M.R.Civ.P. PPL appeals the order of the District Court which denied its motion for substitution.

## STANDARD OF REVIEW

¶7 Whether a motion to substitute a district court judge is timely pursuant to § 3-1-804(1)(c), MCA, presents a question of law. *In re Marriage of Archibald*, 1999 MT 258, ¶ 4, 297 Mont. 20, ¶ 4, 993 P.2d 653, ¶ 4. Whether § 3-1-804(1)(c), MCA, violates substantive due process presents a question of constitutional law. We review a district court's conclusions of law to determine

3

whether they are correct.  *Carbon County v. Union Reserve Coal Co.* (1995), 271 Mont. 459, 469, 898 P.2d 680, 686.

DISCUSSION

ISSUE 1

¶8    Does § 3-1-804(1)(c), MCA, preclude a joined party from substituting a district court judge, without cause, after the time period for the original parties to substitute has expired?

¶9    PPL cites *Challinor v. Glacier Nat'l Bank* (1994), 266 Mont. 396, 399, 880 P.2d 1327, 1328, for the proposition that Montana law entitles each adverse party in a civil or criminal case to one substitution of a district court judge.  PPL also argues that § 3-1-804(1)(c), MCA, allows a party named in a summons to move for substitution of the district court judge within thirty days of the date on which it is served with that summons.  PPL contends that the statutory exclusion from the right of substitution pertains only to voluntary intervenors.  PPL insists that it did not enter the litigation voluntarily, it was subsequently named in and served with a summons, and it filed a motion to substitute within thirty days of receiving such service.  Accordingly, PPL requests that we reverse the District Court's order.

¶10   A court's function, when construing a statute, is to ascertain what it provides, "not to insert what has been omitted or to omit what has been inserted."  Section 1-2-101, MCA.  Further, statutory language must be construed according to its plain meaning and, if the language is clear and unambiguous, no further interpretation is required.  *Infinity Ins. Co. v. Dodson*, 2000 MT 287, ¶ 46, 302 Mont. 209, ¶ 46, 14 P.3d 487, ¶ 46.  Finally, we must endeavor to avoid any statutory construction that renders any sections of the

statute superfluous and does not give effect to all of the words used. *State v. Berger* (1993), 259 Mont. 364, 367, 856 P.2d 552, 554.

¶11 Section 3-1-804, MCA, pertaining to the substitution of district court judges, provides as follows:

> 1. A motion for substitution of a district judge may be made by any party to a proceeding only in the manner set forth herein. In a civil or criminal case, each adverse party, including the state, is entitled to one substitution of a district judge.
>
> . . . .
>
> (c) When a judge is assigned to a cause for 30 consecutive days after service of a summons, or 10 consecutive days after service of an order to show cause, information or other initiating document, and no motion for substitution of judge has been filed within said time period, the plaintiff or the party filing the order, information or other initiating document, and the party upon whom service has been made shall no longer have a right of substitution. Any party named in a summons who is subsequently served shall have 30 consecutive days after such service in which to move for a substitution of judge. . . . After the time period shall have run as to the original parties to the proceeding, no party who is joined or intervenes thereafter shall have any right of substitution, except that one third party defendant who is not an original party in any pending case may have a right of one substitution within 30 consecutive days after the service upon the third party defendant of a third party complaint.

¶12 Each party relies on a different provision in § 3-1-804(1)(c), MCA. PPL relies on the provision that "[a]ny party named in a summons who is subsequently served shall have 30 consecutive days after such service in which to move for a substitution of judge." Conversely, Plaintiffs contend that PPL did not file a timely motion because "[a]fter the time period shall have run as to the original parties to the proceeding, no party who is joined or

6

intervenes thereafter shall have any right of substitution . . . ." It is undisputed that PPL was not an original party and that the time had run for the original parties by the time PPL moved to substitute.

¶13 If read separately, the provisions are arguably inconsistent. However, when read together their meaning is clear. We cannot apply them separately but must arrive at a statutory construction which "gives effect to all of the words used." When considered in its entirety, § 3-1-804(1)(c), MCA, clearly provides that parties originally named in a summons have thirty days, following service, within which to file a motion for substitution, but that after the time has expired for the original parties to do so, no parties who were not originally named in the summons may move to substitute. Although this issue was not presented by either case, to the extent that language in *Challinor* and *Taylor v. Matejovsky* (1993), 261 Mont. 514, 863 P.2d 1022, infers that "each" adverse party in a civil case is entitled to one substitution of a district court judge, without cause, we hereby clarify and limit those statements by our holding in this case.

¶14 Accordingly, § 3-1-804(1)(c), MCA, effectively affords an original party thirty days, from the service of summons, to move for substitution of the district judge. Once the time expires for the original parties to move for substitution, subsequently joined parties may not do so. Section 3-1-804(1)(c), MCA, does reserve the right of third party defendants to file a motion for

7

substitution following expiration of the original parties' time. However, that provision is not before us.

¶15 Because PPL is a subsequently joined party to the action and the time for the original parties to file a motion for substitution, without cause, had expired, we hold that § 3-1-804(1)(c), MCA, precluded PPL from moving to substitute the District Court Judge and, therefore, affirm the court's denial of its motion to do so.

ISSUE 2

¶16 If a subsequently joined defendant does not have the right to substitute the district court judge, without cause, does § 3-1-804(1)(c), MCA, violate that defendant's right to substantive due process?

¶17 PPL contends that if § 3-1-804(1)(c), MCA, precludes it from filing a motion to substitute, then § 3-1-804(1)(c), MCA, unreasonably and arbitrarily "creates two classes of parties, those that have the right to substitute the District Court Judge and those that do not." For that reason, PPL maintains that § 3-1-804(1)(c), MCA, violates its right to substantive due process.

¶18 In *Newville v. State, Dept. of Family Services* (1994), 267 Mont. 237, 249, 883 P.2d 793, 800, this Court stated:

> The theory underlying substantive due process reaffirms the fundamental concept that the due process clause contains a substantive component which bars arbitrary governmental actions regardless of the procedures used to implement them, and serves as a check on oppressive governmental action. Even though a plaintiff may have no property or liberty interest grounded in state law which is protected from arbitrary

8

> government action, such action still may be subject to review under substantive due process. Substantive due process primarily examines the underlying substantive rights and remedies to determine whether restrictions . . . are unreasonable or arbitrary when balanced against the purpose of the legislature in enacting the statute.

¶19 Since the State cannot use its power to take unreasonable, arbitrary or capricious action against an individual, a statute enacted by the Legislature (or in this case, by this Court) must be reasonably related to a permissible governmental objective in order to satisfy guarantees of substantive due process. *Powell v. State Compensation Ins. Fund*, 2000 MT 321, ¶ 29, 302 Mont. 518, ¶ 29, 15 P.3d 877, ¶ 29.

¶20 Pursuant to the power conferred on this Court by Article VII, Section 2, of the Montana Constitution, this Court adopted § 3-1-804(1)(c), MCA, in its current form, with a declared effective date of June 1, 1995. The rule seeks to promote judicial economy and expediency by demanding the prompt substitution of a district court judge when a party requests such removal, without cause. *See Challinor*, 266 Mont. at 402, 880 P.2d at 1331 (Weber, J., dissenting). Certainly, it is within this Court's supervisory responsibility to fashion such a rule. Further, as Article II, Section 16, of the Montana Constitution affords every Montanan a "speedy remedy . . . for every injury of person, property, or character," the rule is designed to implement a permissible judicial objective. We must determine whether the rule is reasonably related to its objective.

¶21 Section 3-1-804(1)(c), MCA, does distinguish between three classes of parties– original parties, subsequently joined parties

9

and intervenors, and third party defendants. PPL argues that there exists no rational basis for treating the three classes of parties differently for purposes of substituting a district court judge, without cause. We conclude that there not only is a rational basis for doing so but that responsible judicial administration requires doing so.

¶22 Consideration of the reasons for distinguishing among various parties' right to substitute must begin with consideration of the stage at which they join the proceedings. During the time period afforded the original parties, the judge has presided over the case for very little time and, in all likelihood, has not issued a ruling on any substantial matter in the case. Therefore, the probability of duplicating judicial efforts is slight when substituting the district court judge within the time period prescribed for original parties.

¶23 Conversely, subsequently joined parties and intervenors often appear at a much later stage in the proceedings. To allow a joined or substituted defendant to remove the presiding judge, without cause, after the judge has presided over the case for what could be a substantial period would disrupt the continuity of the litigation, precipitate delay, cause duplication of effort, and waste time and expense. Further, extending the disqualification process would provide little corresponding benefit. In theory, a subsequently joined or substituted party shares a commonality of interest with at least one of the original parties. *See generally Goldman Sachs Group, Inc., v. Montana Second Judicial Dist.*, 2002

MT 83, 309 Mont. 287, ___ P.3d ___. For example, in this case, MPC presumably had the same interest in substitution as PPL and was provided with that opportunity. If, on the other hand, PPL or a subsequently joined party alleges specific prejudice, it may move for substitution, for cause, pursuant to § 3-1-805, MCA.

¶24 While third party defendants likewise enter the litigation at a later time, they lack the commonality of interest associated with substituted or joined parties. Third party defendants often enter the litigation in a position adverse to all of the other parties involved. There is less reason to assume that their interests in substitution have been previously considered. Consequently, § 3-1-804(1)(c), MCA, allows a third party defendant thirty days following service of a third party complaint to move for substitution of a district court judge without cause.

¶25 Given all of the foregoing considerations, it was necessary for this Court to fashion a rule to conserve resources and expedite the litigation process, while simultaneously preserving a potential litigant's interest in removing a judge without cause. Fashioning such a rule while balancing all potential interests is not an easy task, and while § 3-1-804(1)(c), MCA, may from time to time be less than perfect in its application, we conclude that it is not arbitrary or capricious and is "reasonably related to a permissible [judicial] objective." Accordingly, we conclude that the District Court did not err when it denied PPL's motion to substitute without cause.

¶26 The order of the District Court is affirmed.

11

                                        /S/ TERRY N. TRIEWEILER

We Concur:

/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ JIM RICE