DA 12-0626

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2013 MT 149

TYSON S. PALLISTER, KEVIN BUDD,
and JESSICA NORMANDEAU,

      Class Members and Appellants,

    v.

BLUE CROSS AND BLUE SHIELD OF
MONTANA, INC., and MONTANA
COMPREHENSIVE HEALTH ASSOCIATION,

      Defendants and Appellees,

    v.

BRITTANY C. SMITH; RENEE NEARY, as
parent and guardian of DYLAN DALLASERRA;
KRISTA LUCAS; and ALICE JEAN SPEARE,
each individually and as representative members
of a class of similarly situated plaintiffs,

      Class Representatives and Appellees.


APPEAL FROM:    District Court of the Second Judicial District,
                    In and For the County of Butte/Silver Bow, Cause No. DV 08-553
                    Honorable Brad Newman, Presiding Judge


COUNSEL OF RECORD:

      For Appellants:

            James G. Hunt, Jonathan McDonald; Dix, Hunt & McDonald;
            Helena, Montana (for Pallister)

            Jory C. Ruggiero, J. Breting Engel; Attorneys at Law; Bozeman, Montana

For Appellees:

Jacqueline T. Lenmark; Keller, Reynolds, Drake, Johnson & Gillespie, P.C.; Helena, Montana (for Montana Comprehensive Health Association)

Robert G. McCarthy; McCarthy Law, P.C.; Butte, Montana (for the Class, Class Representatives, and Appellees)

Michael F. McMahon, Stefan T. Wall; McMahon, Wall & Hubley, PLLC; Helena, Montana (for Blue Cross and Blue Shield of Montana, Inc.)

Submitted on Briefs:  March 20, 2013

Decided:   June 4, 2013

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Class member and objector Tyson Pallister appeals from the denial by the Second Judicial District Court, Silver Bow County, of his motion to substitute the district court judge following remand from this Court. We affirm.

¶2 We address the following issue on appeal:

¶3 *Did the District Court err by denying Pallister's motion for substitution of judge following remand?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶4 This appeal arises in an ongoing class action that we remanded for further proceedings in *Pallister v. Blue Cross and Blue Shield of Mont., Inc.*, 2012 MT 198, 366 Mont. 175, 285 P.3d 562 (*Pallister I*). The case has complex facts and a long procedural history, much of which is not necessary to address for the purposes of this appeal.

¶5 Tyson Pallister, Kevin Budd, and Jessica Normandeau (collectively "Pallister") are unnamed members in a class action suit against insurers Blue Cross and Blue Shield of Montana, Inc. (BCBSMT) and Montana Comprehensive Health Association (MCHA).[1] The suit generally seeks damages from BCBSMT and MCHA for the companies' delayed payments of benefits and for benefits improperly withheld. The class members allege that while they were insured by BCBSMT or MCHA, the insurers denied claims based on invalid exclusions set forth in the health insurance policies.

---

[1] Pallister, Budd, and Normandeau all objected to the class settlement, but only Pallister moved for substitution of the District Court judge following remand, and only Pallister appeals here.

3

*Pallister I*, ¶¶ 4-7; *see also Blue Cross and Blue Shield of Mont., Inc. v. Mont. State Auditor*, 2009 MT 318, ¶ 19, 352 Mont. 423, 218 P.3d 475.

¶6    The District Court certified the class and appointed class counsel for the named class members (Class Representatives).  Pallister filed a motion to intervene, which the District Court denied.  BCBSMT, MCHA, and Class Representatives participated in mediation and entered into a proposed class settlement.  The District Court scheduled a fairness hearing for the proposed settlement and sent notice of the hearing and settlement to class members, who were given the choice to opt out.  No class member, including Pallister, opted out.  Pallister objected to the settlement agreement and filed a motion to conduct discovery into the fairness of the proposed settlement.  The District Court denied Pallister's motion to conduct discovery, giving rise to the appeal in *Pallister I*.

¶7    This Court reversed the District Court's denial of Pallister's motion "on the discrete issue of discovery," and vacated the District Court's approval of the settlement agreement.  *Pallister I*, ¶¶ 1, 43.  We remanded to the District Court "with instruction to allow discovery to be conducted into the settlement negotiations and the billing records of the class counsel, to hold another fairness hearing, and to issue new findings of facts and conclusions of law based upon the entirety of evidence received in the original proceeding and during remand proceedings."  *Pallister I*, ¶ 22.  Remittitur was issued from this Court and filed with the District Court on September 25, 2012.

¶8    On October 4, 2012, Pallister filed a motion for substitution of District Judge Bradley Newman, who has presided over the proceedings since 2008.    Class

4

Representatives objected, and BCBSMT and MCHA filed a joint objection to the motion.

Judge Newman denied Pallister's motion, stating:

> The statutory right to seek a substitution of the trial judge is granted to "each adverse party." Section 3-1-804(1) and (12).
> The statute requires actual adversity, rather than hostility, between the parties at issue. [*Ratliff v. Pearson*, 2011 MT 241, ¶¶ 14-17, 362 Mont. 163, 261 P.3d 1037.] Pallister is not an adverse party. Rather, he is a class member. While Pallister objects to the manner in which class counsel and the class representatives worked to resolve this action, he still stands to benefit from the prosecution and ultimate resolution of the litigation. In other words, Pallister shares a commonality of interest with the original class representatives.
>
> .   .   .
>
> Section 3-1-804(12) governs the right to seek substitution where a judgment is reversed on appeal. As noted above, such right is granted only to "adverse parties." The Court already has addressed the issue of adversity. Additionally, the Supreme Court remanded this action for the purpose of "limited discovery" to be conducted by the objecting class members. The Supreme Court recognized that this Court should set and oversee the parameters of such discovery. At no point in its opinion and order did the Supreme Court change Pallister's procedural position in this action. He remains a class member, not a separate party to the litigation.

Pallister appeals the denial of his motion for substitution.

## STANDARD OF REVIEW

¶9   "A district court's interpretation and application of a statute is a conclusion of law. We review a district court's conclusions of law for correctness." *Kulstad v. Maniaci*, 2009 MT 403, ¶ 6, 353 Mont. 467, 221 P.3d 127 (citing *Williams v. Schwager*, 2002 MT 107, ¶ 36, 309 Mont. 455, 47 P.3d 839). "This Court reviews for correctness a district court's ruling on a motion to substitute a district court judge." *Ratliff*, ¶ 9 (citing *Patrick v. State*, 2011 MT 169, ¶ 12, 361 Mont. 204, 257 P.3d 365).

5

## DISCUSSION

¶10 *Did the District Court err by denying Pallister's motion for substitution of judge following remand?*

¶11 The parties' arguments frame the issue as whether Pallister is a "party" who has a right to substitute the district court judge pursuant to § 3-1-804(12), MCA. Pallister argues he is an "adverse party" within the meaning of the statute because it is "the relationship between BCBSMT and Pallister that determines adversity." Citing *Devlin v. Scardelletti et al.*, 536 U.S. 1, 122 S. Ct. 2005 (2002), Pallister posits that "an unnamed class member who objects to a settlement is a 'party'" and "Pallister became a party to the action when he objected to the settlement and appealed it to the Montana Supreme Court." BCBSMT and MCHA maintain that Pallister did not successfully intervene and "does not occupy the status of a 'party' for the remaining aspects of the lawsuit, including for purposes of section 3-1-804(12), MCA." Class Representatives argue that "[a]lthough individual class members may be accorded some of the rights absent intervention such as the right to object to a proposed settlement and the right to appeal the approval of a class settlement over those objections raised at the fairness hearing[,] they are not parties for all purposes." Class Representatives also contend that nothing in *Pallister I* considered or granted Pallister the status of a party in the action.

¶12 Section 3-1-804, MCA, provides the rules governing substitution of district court judges. Subsection (12) addresses a party's right to substitution upon remand, and reads in its entirety:

> (12) When a judgment or order is reversed or modified on appeal and the cause is remanded to the district court for a new trial, or when a

summary judgment or judgment of dismissal is reversed and the cause remanded, each adverse party is entitled to one motion for substitution of district judge. The motion must be filed, with the required filing fee, within 20 calendar days after the remittitur from the supreme court has been filed with the district court. There is no other right of substitution in cases remanded by the supreme court.

In criminal cases, there is no right of substitution when the cause is remanded for resentencing.

Section 3-1-804(12), MCA (2011).[2]  The statute thus affords "each adverse party" one motion to substitute a district court judge.  Section 3-1-804(12), MCA.

¶13     Implicit in the status of an "adverse party" is the requirement that the movant under § 3-1-804(12), MCA, be a "party" to the action.  Generally, "[i]n a civil action, the party complaining is known as the plaintiff and the adverse party as the defendant." Section 25-5-101, MCA.  The Montana Rules of Civil Procedure also recognize that one who is joined, M. R. Civ. P. 19 and 20, or one who intervenes, M. R. Civ. P. 24, becomes a party to the action.  The U.S. Supreme Court recently summarized:

> In general, "[a] 'party' to litigation is '[o]ne by or against whom a lawsuit is brought,'" *United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, [933], 129 S. Ct. 2230, 2234 [] (2009), or one who "become[s] a party by intervention, substitution, or third-party practice," *Karcher v. May*, 484 U.S. 72, 77, 108 S. Ct. 388 [] (1987).

*Smith et al. v. Bayer Corp.*, ___ U.S. ___, ___, 131 S. Ct. 2368, 2379 (2011).  Section 3-1-804(9), MCA, contemplates joined and intervening parties, providing "[n]o party who

---

[2] Unless otherwise specified, all references to the Montana Code Annotated are to the 2011 version. *See* Or., *In Re:  Revised Rules on Substitution of District Judges*, (Mont. July 9, 2009) (No. 09-0289).

is joined or intervenes has any right of substitution after the time has run as to the original parties to the proceeding."[3]

¶14 In contrast to these provisions governing parties to litigation, members of a class action are generally absent and unnamed, and are not typical adversarial parties before the court. M. R. Civ. P. 23; *see also* William B. Rubenstein, *Newberg on Class Actions* vol. 1, § 1:5, 12-16 (5th ed., West 2011) ("The position that absent class members occupy in class action litigation is *sui generis*, and attempts to analogize to conventional 'party' status are likely to fail."). Absent class members occupy a unique position:

> [A]bsent plaintiff class members are not subject to other burdens imposed upon defendants. They need not hire counsel or appear. They are almost never subject to counterclaims or cross-claims, or liability for fees or costs. Absent plaintiff class members are not subject to coercive or punitive remedies. Nor will an adverse judgment typically bind an absent plaintiff for any damages, although a valid adverse judgment may extinguish any of the plaintiff's claims which were litigated.

*Phillips Petroleum Co. v. Shutts et al.*, 472 U.S. 797, 810, 105 S. Ct. 2965, 2973-74 (1985).

¶15 Pallister correctly points out that an unnamed class member may be considered a "party" for the purposes of appealing the approval of a settlement. *See Devlin v. Scardelletti et al.*, 536 U.S. 1, 14, 122 S. Ct. 2005, 2013 (2002). In *Devlin*, the U.S. Supreme Court held that nonnamed class members who have objected in a timely manner to approval of a settlement at the fairness hearing may be considered a "party" for the

---

[3] In *Mattson v. Mont. Power Co.*, 2002 MT 113, 309 Mont. 506, 48 P.3d 34, we analyzed a previous version of § 3-1-804, MCA, and there recognized three different classes of parties: "original parties, subsequently joined parties and intervenors, and third party defendants." *Mattson*, ¶ 21.

8

purposes of appealing the approval of the settlement without first intervening. *Devlin*, 536 U.S. at 14, 122 S. Ct. at 2013. However, the *Devlin* Court was careful to explain that "[n]onnamed class members, however, may be parties for some purposes and not for others. The label 'party' does not indicate an absolute characteristic, but rather a conclusion about the applicability of various procedural rules that may differ based on context." *Devlin*, 536 U.S. at 9-10, 122 S. Ct. at 2010. The holding in *Devlin* is specific to appeals of class action *settlements* and does not address the party status of nonnamed class members for purposes of post-appeal procedural questions following remand.

¶16    We discussed the meaning of "adverse parties" within § 3-1-804, MCA, in *Goldman Sachs Group, Inc. v. Mont. Second Jud. Dist. Ct.*, 2002 MT 83, 309 Mont. 289, 46 P.3d 606, where we held:

> [I]n order to invoke the right of substitution in cases involving multiple parties under § 3-1-804, MCA, the moving party must demonstrate adversity with a co-party to the action . . . . The determination of adversity is based solely on the allegations set forth in the complaint.

*Goldman Sachs*, ¶ 17. More recently, in *Ratliff,* we summarized the holding of *Goldman Sachs*, stating "[t]he statute requires the subsequently joined party to establish that *adversity*, rather than hostility, existed between it and other defendants in order to exercise an independent right to substitute." *Ratliff*, ¶ 22 (citing *Goldman Sachs*, ¶¶ 14-17) (emphasis in original).

¶17    Pallister did not successfully intervene and he remains an unnamed class member. Despite his earlier successful appeal of the settlement approval in *Pallister I,* he has not become a party for all purposes and is not a party for purposes of substitution. As an

9

unnamed class member, Pallister does not enjoy the same rights, and is not burdened by the same responsibilities, as a named class representative. The District Court appropriately determined that Pallister is "a class member, not a separate party to the litigation." Lacking party status for this purpose, Pallister cannot establish that he is an "adverse party" under § 3-1-804(12), MCA.

¶18 Further, this Court remanded in *Pallister I* "on the discrete issue of discovery," vacating the District Court's approval of the settlement. *Pallister I*, ¶¶ 1, 43. Section 3-1-804(12), MCA, provides for substitution on remand when a "cause is remanded to the district court for a new trial, or when a summary judgment or judgment of dismissal is reversed and the cause remanded," and further provides that "[t]here is no other right of substitution in cases remanded by the supreme court." Our decision in *Pallister I* was not a remand for a new trial or a reversal of summary judgment or judgment of dismissal.

¶19 Affirmed.

/S/ JIM RICE

We concur:

/S/ BETH BAKER
/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS
/S/ PATRICIA COTTER

10