

DA 12-0735

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 174

IN THE MATTER OF THE ESTATE OF
LILLIANE M. GREENE,

Petitioner and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DP 12-108
Honorable Karen Townsend, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Don C. St. Peter, St. Peter Law Offices, P.C, Missoula, Montana

For Appellee:

Reid J. Perkins, Shane A. Vannatta, Patrick D. Dougherty, Worden Thane
P.C., Missoula, Montana

Submitted on Briefs:    May 15, 2013

Decided:    July 2, 2013

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 William H. Greene appeals from the District Court's Order filed December 5, 2012, denying as untimely his motion for substitution of judge. We affirm.

¶2 The sole issue on appeal is whether the District Court properly denied the motion for substitution.

## PROCEDURAL AND FACTUAL BACKGROUND

¶3 Lilliane Greene died testate on June 22, 2012. Her will named her daughter Dawn Bare as Personal Representative of the Estate. On June 28, 2012, Dawn filed an application for informal probate and for appointment of personal representative. The Clerk of Court accepted the application for informal probate and appointed Dawn the personal representative. Also on June 28 Dawn issued by mail a Notice and Information to Heirs and Devisees pursuant to § 72-3-603, MCA. The Notice specified that the Estate was "being administered by the Personal Representative under the Uniform Probate Code without supervision of the Court." Appellant William is the decedent's son and a devisee under her will.

¶4 On November 19, 2012, William's attorney filed a notice of appearance in the informal probate, and also filed a Motion for Substitution of Judge pursuant to § 3-1-804(1)(a), MCA. Subsequently, on November 28, 2012, William's attorney filed several other pleadings in the probate, including a Petition for Supervised Administration pursuant to § 72-3-402, MCA. On December 4, 2012, the District Court denied the motion for

2

substitution as untimely, finding that William had 30 days from the date of the Notice and Information to Heirs and Devisees in which to file the motion.

## STANDARD OF REVIEW

¶5 A district court's decision on whether a motion for substitution of judge is timely is a conclusion of law that this Court reviews to determine whether it is correct. *In Re Marriage of Archibald*, 1999 MT 258, ¶ 4, 297 Mont. 20, 993 P.2d 653.

## DISCUSSION

¶6 William sought to substitute the District Court judge under § 3-1-804, MCA, which provides that "[e]ach adverse party is entitled to one substitution of a district judge." The right of substitution applies to all "judges presiding in district courts," with the narrow exceptions of a judge sitting as a Water Court judge, the Workers' Compensation Court judge, or a judge supervising the distribution of water under § 85-2-406, MCA. Section 3-1-804, MCA; *Patrick v. State*, 2011 MT 169, ¶ 15, 361 Mont. 204, 257 P.3d 365.

¶7 Section 3-1-804, MCA, further provides:

> In a civil action . . . a motion for substitution by the party filing the action must be filed within 30 calendar days after the first summons is served or an adverse party has appeared. A motion for substitution by the party served must be filed within 30 calendar days after service has been completed in compliance with M. R. Civ. P. 4.

Section 3-1-804(1)(a), MCA. A motion for substitution that is not timely is void, and the judge whose substitution is sought has jurisdiction to determine whether the motion is timely. Section 3-1-804(4), MCA. The District Court in the present case held that mailing the Notice and Information to Heirs and Devisees pursuant to § 72-3-603, MCA, is equivalent to service of summons referred to in § 3-1-804(1)(a), MCA. Since William

3

received that Notice on or about June 28, 2012, the District Court determined that he had 30 days in which to file his motion for substitution. Therefore, the District Court held that William's November 19, 2012, motion was untimely.

¶8     When William filed his motion for substitution of judge on November 19, 2012, the proceeding was an informal probate of his mother's estate. An application for informal probate is directed to the clerk of the district court, and not to the district judge. Section 72-3-201, MCA. The clerk of the court determines whether the application for informal probate is complete and timely, § 72-3-212, MCA, and may deny the application if the statutory requirements are not met, § 72-3-214, MCA. The clerk of court makes the appointment of the personal representative when the statutory requirements are satisfied, § 72-3-225, MCA.

¶9     The right of substitution provided in § 3-1-804, MCA, applies in a "civil action" in which a "summons is served" and in which there is an "adverse party." *Pinnow v. State Fund*, 2007 MT 332, ¶ 18, 340 Mont. 217, 172 P.3d 1273. None of these are present in an informal probate, which is not a contested proceeding and which does not take place under the supervision of the district court.

¶10    In the present case William petitioned for supervised administration pursuant to the provisions of Title 72, Chapter 3, Part 4, MCA, citing § 72-3-402, MCA. Supervised administration "is a single in rem proceeding to secure complete administration and settlement of a decedent's estate under the continuing authority of the court . . . ." Section 72-3-401(1), MCA. When a petition for supervised administration is filed in an informal probate, the proceeding comes under the supervision of the district court and sufficiently partakes the elements of a civil action to trigger application of § 3-1-804, MCA. The District

Court was not involved in this probate until William filed his petition for supervised administration. At that point, § 3-1-804, MCA, became applicable in the proceeding.

¶11 A probate may come under the supervision of the district court by filing a petition for formal testacy pursuant to Title 72, Chapter 3, Part 3, MCA, or by filing a petition for supervised administration pursuant to Title 72, Chapter 3, Part 4, MCA. Both proceedings require notice to be served on interested persons. *See* § 72-3-111(2), MCA. The timelines provided in § 3-1-804(1)(a), MCA, are triggered when that notice is given.

¶12 All of the attributes of an ordinary civil action referred to in § 3-1-804(1), MCA, may not be present in a supervised administration of an estate. At the same time, a supervised administration is not one of the three specified exclusions from coverage of the substitution statute. *Patrick*, ¶ 15. The function of this Court is to ascertain the meaning and intent of the statute and to arrive at a construction that gives effect to the words used. *Mattson v. Montana Power*, 2002 MT 113, ¶¶ 10, 13, 309 Mont. 506, 48 P.3d 34. We give effect to the words of § 3-1-804, MCA, under the facts of this case by construing it to apply in an informal probate only after a party's petition to convert the proceeding to a court-supervised administration.

¶13 When William filed his motion for substitution of judge under § 3-1-804, MCA, the matter was an informal probate. The matter was not under the supervision of the district court, and therefore not a "civil action" for purposes of § 3-1-804, MCA. Consequently, the substitution statute did not apply. Section 3-1-804(4), MCA, provides that any motion for substitution that is not timely filed is void. Because William's motion for substitution was

filed prematurely, it was not timely and was void. He could have filed another motion for substitution after filing the petition for supervised administration, but did not do so.

¶14 The District Court reached the proper conclusion, that the motion for substitution was not effective. We will affirm a district court when it reaches the correct result, even if it is for the wrong reason. *In re B.A.M.*, 2008 MT 311, ¶ 24, 346 Mont. 49, 192 P.3d 1161.

¶15 William did not file a timely motion for substitution of judge under § 3-1-804(1), MCA, and the District Court's decision denying his motion is affirmed.

/S/ MIKE McGRATH

We concur:

/S/ BRIAN MORRIS
/S/ PATRICIA COTTER
/S/ LAURIE McKINNON
/S/ MICHAEL E WHEAT

6