No.    94-111

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

DAVID  DUNKELBERGER,

    Respondent  and  Petitioner,

-v-

BURLINGTON  NORTHERN
RAILROAD  COMPANY.

    Appellant  and  Respondent.

FILED

JUN - 2 1994

CLERK OF SUPREME COURT
STATE OF MONTANA


APPEAL FROM:   District Court of the Eighth Judicial District,
               In and for the County of Cascade,
               The Honorable John M.  McCarvel, Judge presiding.


COUNSEL OF RECORD:

      For  Appellant:

        Jeff  Hedger,  Kroschel  &  Yerger,  Billings,  Montana

      For  Respondent:

        Kurt  M.  Jackson,  Hoyt  &  Blewett,  Great  Falls,
        Montana


                   Submitted  on  Briefs:  April  19,  1994

                          Decided:  June  2,  1994

Filed:

Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

This action is before the Court on Petitioner Dunkelberger's motion to dismiss. We grant Dunkelberger's motion for dismissal of this appeal.

We consider the following issue on review:

Pursuant to Rule 6(a), M.R.Civ.P., were December 24, 1993 and December 31, 1993, either "holidays" or "legal holidays*' in 1993 because both Christmas Day and New Year's Day fell on Saturdays?

Burlington Northern (BN) filed a notice of appeal on March 11, 1994, seeking to reverse a jury verdict entered on December 14, 1993 in favor of Petitioner Dunkelberger (Dunkelberger). Dunkelberger has petitioned this Court to dismiss BN's appeal because the notice of appeal was filed too late under the Montana Rules of Civil Procedure.

Notice of Entry of Judgment reflecting the jury verdict was filed and mailed to BN's attorneys on December 15, 1993. BN filed a motion for extension of time on December 29, 1993, erroneously believing that it could extend the ten-day time period in which to serve notice of a motion for new trial pursuant to Rule 59(b), M.R.Civ.P. Subsequently, BN filed its motion for a new trial on January 4, 1994. The court ruled on BN's motion for extension of time to file a post-trial motion for new trial on January 7, 1994, three days after the motion for extension of time was filed. The court never ruled on the January 4, 1994 motion for new trial.

Dunkelberger contends that BN is limited to ten days in which to serve a motion for new trial pursuant to Rule 59(b), M.R.Civ.P.

2

Dunkelberger further contends that a party has thirty days to appeal a judgment according to Rule 5, M.R.Civ.P., unless the party requests an extension of time, which was not done in this case in accordance with the rule. Dunkelberger argues that because BN's motion for new trial was served after the ten-day limit, the thirty-day time limit for filing an appeal was not tolled and, thus, its appeal is untimely and must be dismissed.

BN contends that interpretation of Rule 6(a) and 6(e), M.R.Civ.P., concerning computation of time involving post-trial motions, in addition to appropriate statutes as well as rules issued by the Department of Administration, indicate that its motion for new trial was timely. According to BN, because its motion was timely and because the court did not rule on this motion, the motion was deemed denied forty-five days after filing or February 22, 1994, pursuant to Rule 59(d). BN contends that the thirty-day appeal time began to run on February 23, 1994, making its March 11, 1994, appeal timely.

In order to understand the procedure and time constraints required of the parties in this case, we quote the following rules from the Montana Rules of Civil Procedure:

> Rule 59(b). Time for motion. A motion for new trial shall be served not later than 10 days after service of notice of the entry of the judgment. (Emphasis added.)

> Rule 59(d). Time for ruling on motion. If the court shall fail to rule on a motion for new trial within 45 days from the time the motion is filed, the motion shall, at the expiration of said period, be deemed denied.

> Rule 6(a). Computation. In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event,

3

or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday or legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the office of the clerk of the district court inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days. When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays and holidays shall be excluded in the computation. . . . (Emphasis added.)

Rule 6(b). Enlargement. When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect: but it may not extend the time for taking any action under Rules 50(b) and (c)(2), 52(b), 59(b), (d), (e) and (g) and 60(b), except to the extent and under the conditions stated in them. (Emphasis added.)

Rule 6(e). Additional time after service by mail. Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail. 3 days shall be added to the prescribed period. (Emphasis supplied.)

We first note that Rule 59(b), M.R.Civ.P., requires only that the motion for new trial be "served" within ten days. The rule does not state that the motion must be filed. Service on the other party in an action can be accomplished without the use of the courts of this State. Service means providing the other party or the party's counsel with a copy of the applicable document. Rule 5(b), M.R.Civ.P.

We note that counsel in this case may have orally stipulated

4

to an extension of time in which to bring the motion for a new trial. In its Motion for Extension of Time, BN stated, "Plaintiff's counsel has been contacted and has no objection to this motion for extension of time." Counsel cannot stipulate to override the effect of the mandatory time constraints contained within the Montana Rules of Civil Procedure. We emphasize here that Rule 59(b), M.R.Civ.P., provides that the ten days permitted for service of a motion for new trial cannot be extended under any circumstances.

The legal question which we must answer is whether BN's calculation of the ten days was correct. Rule 6(e), M.R.Civ.P., states that when service of a motion is by mail, three days mailing time must be counted before the ten days' time for service of motion can begin. DeTienne Assoc. v. Montana Rail Link, Inc. (1993), 261 Mont. 238, ___, 862 P.2d 1106, 1108. As discussed in more detail below, our opinion in DeTienne was intended to clarify the method for calculating the prescribed period of time when service of a motion is made by mail if such prescribed period is less than eleven days.

In order to accurately calculate the ten-day period, we first must consider the meaning of the words "holidays" and "legal holidays" found in the computation rule, Rule 6(a), M.R.Civ.P. If BN is correct, its motion for new trial was timely and subject to the forty-five day automatic denial as well as the tolling of the thirty days permitted by the rules of appellate procedure for filing an appeal.

Notice of Entry of judgment was mailed on December 15, 1993. We do not count the day of mailing, but rather begin counting the three days on December 16, 1993. Thus, the three days allowed for mailing ended on December 18, 1993--a Saturday. Rule 6(a), M.R.Civ.P., provides that when a rule calls for less than eleven days, Saturdays and Sundays are not counted. However, we held in DeTienne that Saturdays and Sundays would not be excluded from the initially added three days which are allowed for mailing and that these days would be counted prior to the counting of the prescribed period for serving a motion. DeTienne, 862 P.2d at 1108.

We must then begin our calculations on December 20, 1993, a Monday, and include December 21, 22, 23, 24, 27, 28, 29, 30 and 31, 1993. The tenth and final day for serving was Friday, December 31, 1993. Under the foregoing calculation, BN's motion was not served in time.

BN argues that December 24 and December 31were legal holidays because the Department of Administration had so provided in 2.21.620, ARM, and these dates should be excluded. Dunkelberger contends that the days before Christmas Day and New Year's Day, that being December 24 and December 31, are not legal holidays and should not have been considered as holidays in the calculation of the ten day period. Whether these two days are "legal holidays" or some other kind of holiday because Christmas Day and New Year's Day fell on Saturdays is the key question. If they are either "holidays" or "legal holidays" according to the rule, then BN would have filed and served its January 4, 1994 motion for new trial

6

within the ten-day period.

Dunkelberger cites § 1-1-216, MCA, for the proposition that December 24 and December 31 are not legal holidays. Section 1-1-216, MCA, in pertinent part provides:

> Legal holidays and business days. (1) The following are legal holidays in the state of Montana: . . .
> (b) New Year's Day, January 1;
> . .
> (k) 'Christmas Day, December 25;
> . . . .
> (2) If any of the above enumerated holidays . . . fall upon a Sunday, the Monday following is a holiday. All other days are business days.

The statute makes no provisions for the circumstance where Christmas Day and New Year's Day fall on Saturdays. Nor does it list December 24 and 31 as "legal holidays."

BN attempts to rebut this argument by stating that the Department of Administration has issued regulations which make this very determination with regards to holidays that fall on Saturdays. 2.21.620, ARM. It is true that the Administrative Rules of Montana make this determination--but only within the context of holidays for state personnel.

Dunkelberger would have us interpret the aforementioned Administrative Rules within the confines of § 3-1-302, MCA:

> (1) No court may be open nor may any judicial business be transacted on legal holidays, as provided in 1-1-216, MCA, and on a day appointed by the president of the United States or <u>by the governor of this state for a public fast. thankssivins. or holidav</u> . . . . (Emphasis added.)

This statute speaks to the issue of the availability of courts. BN contends that pursuant to the Administrative Rules of Montana, all courts in the State of Montana, including the Supreme Court, were

7

closed on December 24, 1993, and December 31, 1993--the Fridays preceding the holidays.

It is true that all state employees and court personnel of the State of Montana did not work on the Fridays before Christmas Day and New Year's Day in accordance with 2.21.620, ARM. However, what we are concerned with is service on a law office which is a private business. No evidence exists in the record to indicate that private businesses were closed in Montana on that date. In addition, we point out that there is no evidence that the Governor of the State appointed these days as holidays under the statute. We conclude that whether the courts were open on December 24 and December 31 is not decisive because BN's responsibility was to "serve" notice on Dunkelberger's counsel. Service does not require accessibility to the court system of this state.

No evidence exists to indicate that December 24 and December 31 were "holidays" or "legal holidays" within the meaning of Rule 6(a), M.R.Civ.P. Therefore, BN had until December 31, 1993, in which to serve notice on Dunkelberger that it was filing a post-trial motion for a new trial.

We conclude that BN has miscalculated the time in which to file its motion for new trial and, therefore, its March 11, 1994 appeal of the underlying judgment was not timely made. This Court has no alternative but to dismiss this action due to an untimely appeal and for lack of jurisdiction to consider the appeal.

_____
Justice

8

We Concur:

_____
Chief Justice

_____

_____

_____

_____
J stices

June 2. 1994

CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:


Jeff Hedger, Esq.
**Kroschel &** Yerger
282% 3rd Ave. No., Ste. 607
Billings, MT 59101

Alexander Blewett, III
Hoyt **&** Blewett
P.O. Box 2807
Great **Falls,** MT 59403-2807

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
   **Deputy**