No. 01-355

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 304

FILED

DEC 1 2 2002

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

IN THE MATTER OF THE ESTATE OF

PATRICIA ANN SPENCER,

Deceased.

APPEAL FROM:   District Court of the Fourth Judicial District,
In and for the County of Missoula,
Honorable John W. Larson, Judge Presiding

COUNSEL OF RECORD:

For Appellant:

Quentin M. Rhoades, Sullivan, Tabaracci & Rhoades, Missoula, Montana

For Respondent:

Charles W. Schuyler, Marsillo & Schuyler, PLLC, Missoula, Montana

Submitted on Briefs:   October 18, 2001

Decided:   December 12, 2002

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1    Appellant, Texas Commerce Bank, N.A. (Bank), appeals from the decree entered by the District Court for the Fourth Judicial District, Missoula County, in the Estate of Patricia Ann Spencer (Estate), which found that the Bank's claim against the Estate was time-barred. We reverse and remand.

¶2    We restate the dispositive issues on appeal as follows:

¶3    1. Does this Court lack jurisdiction because the Bank's appeal was untimely?

¶4    2. Was the Bank entitled to a notice of hearing on the personal representative's petition for adjudication of intestacy, for determination of heirs, and for settlement and distribution of the estate?

*Factual and Procedural Background*

¶5    The facts in this matter are uncontested. On March 23, 2000, Michael Z. Spencer (Spencer) filed an application for informal appointment of personal representative in intestacy for the estate of his mother, Patricia Ann Spencer, with the Missoula County Clerk of Court's office. On the same day, the clerk of court perfunctorily issued an order appointing Spencer as personal representative of the estate in informal proceedings, and issued letters of appointment to him. Also on March 23, 2000, Spencer filed a "Notice and Information to Heirs and Devisees" and served a copy upon Meritech Mortgage Services, Inc., the Bank's predecessor in interest. Spencer published a notice to creditors on four occasions, beginning March 30, 2000, in the *Missoula Independent*. The notice required

2

creditors to file claims within four months of the date of the first publication of the notice. The Bank did not file a demand for notice as an interested person.

¶6 On September 18, 2000, the Bank filed a creditor's claim in the amount of $53,454.90. Despite the filing of the claim more than five months after March 23, 2000, Spencer considered the Bank's claim and allowed $35,931.59, disallowing the remainder.[1] Spencer filed and served a "Notice of Disallowance," containing his partial disallowance of the Bank's claim, on September 28, 2000. The notice included the warning set forth in § 72-3-805(1), MCA,[2] that the claim would be barred unless the Bank filed a petition for allowance or commenced a separate proceeding against the personal representative within sixty days after the mailing of the notice. Sixty-one days later, on November 28, 2000, the Bank filed a petition for declaratory judgment against the Estate, contesting Spencer's partial disallowance of its claim.

¶7 On January 4, 2001, Spencer filed a Final Account and Petition for Settlement and Distribution of an Intestate Estate and a notice of hearing on the petition, which was set for January 8, 2001. Spencer did not serve these documents upon the Bank. After the hearing on January 8, 2001, the court entered its decree of distribution, order adjudicating intestacy, order determining heirs, and order approving final account of an intestate estate. Further, the

---

[1]The possible untimely filing of the Bank's initial claim is not an issue in this appeal, although the Bank has challenged Spencer's publishing of the notice to creditors in the *Missoula Independent*, contending that this newspaper does not constitute a "newspaper of general circulation" required by § 72-3-801(1), MCA.

[2]Unless indicated otherwise, all citations are to the 1999 version of the Montana Code Annotated.

3

decree discharged Spencer from his office as personal representative. Regarding the Bank's claim, the decree stated as follows:

> The Notice of Disallowance effectively bars the disallowed part of Texas Commerce Bank N.A., creditor's claim, because the creditor failed to commence a proceeding not later than November 27, 2000, which date is sixty (60) days after mailing of the notice of disallowance, on September 28, 2000, and therefore the creditor's petition filed in a separate action, is barred by MCA Sec. 72-3-805(1).

¶8 No notice of entry of judgment pursuant to Rule 77(d), M.R.Civ.P., was filed or served following entry of the decree. On April 13, 2001, the Bank filed a notice of appeal from the decree.

*Issue One*

¶9 Does this Court lack jurisdiction because the Bank's appeal was untimely?

¶10 Spencer[3] contends that we are without jurisdiction to entertain the Bank's appeal. He notes that the decree was entered on January 8, 2001, and that the Bank's appeal was not filed until April 13, 2001, over three months later. Citing our holdings in *Dunkelberger v. Burlington Northern* (1994), 265 Mont. 243, 876 P.2d. 218, and *Challinor v. Glacier Nat. Bank* (1997), 283 Mont. 342, 943 P.2d 83, Spencer argues that the Bank's failure to file an appeal within thirty days of the judgment, as allotted by Rule 5, M.R.App.P., is an absolute jurisdictional bar to this Court's consideration of the appeal.

---

[3]Respondent's counsel contends that Spencer is not a proper party to this appeal, because he was discharged from his duties by the decree. However, for purposes of this appeal, which challenges the validity of the decree, Spencer remains the proper party.

4

¶11 Although Rule 5 provides that the thirty-day appeal period commences upon the filing of a notice of entry of judgment pursuant to Rule 77(d), M.R.Civ.P., Spencer contends that he was not required to file and serve a notice of entry of judgment following the District Court's entry of the decree. Citing § 72-1-207, MCA, which provides that the Rules of Civil Procedure are applicable to formal proceedings, Spencer argues therefrom that, conversely, the Rules are not applicable to informal proceedings. Spencer explains that he provided notice to the Bank required by the statutes governing informal proceedings, that being publication of a notice to creditors, and also provided actual written notice of the proceeding by serving the Notice and Information to Heirs and Devisees upon the Bank, but that the Bank failed to exercise options provided to it by the probate code, including filing of a formal proceeding as an interested person pursuant to § 72-3-302, MCA, or filing a demand for notice under the informal proceeding initiated by the personal representative, pursuant to § 72-3-106, MCA. Therefore, Spencer contends that he was not obligated to provide further notice to the Bank, including notice of entry of the decree.

¶12 The Bank virtually concedes that § 72-1-207, MCA, applies the Rules of Civil Procedure to formal proceedings only, but argues that the Rules are made applicable to informal proceedings by Rule 81(c), M.R.Civ.P., entitled "Rules incorporated into statutes." Alternatively, the Bank argues that, in any event, Spencer's petition for judicial approval of the settlement and distribution of the estate converted the proceeding from an informal proceeding to a formal proceeding. The Bank notes that "formal proceedings" are defined

5

by § 72-1-103(19), MCA, as those conducted before a judge, and therefore, the hearing on the petition before Judge Larson constituted a formal proceeding to which the Rules of Civil Procedure applied, and entry of a notice of entry of the decree thereafter was required under Rule 77(d). Without a notice of entry of the decree, the Bank contends, the thirty-day appeal period did not begin to run.

¶13    Rule 81(c), M.R.Civ.P., states as follows:

> **Rules incorporated into statutes.** Where any statute heretofore or hereafter enacted, whether or not applicable to a special statutory proceeding or listed in any table appended hereto, provides that any act in a civil proceeding in a district court shall be done in the manner provided by law or as in a civil action or as provided by any statute superseded by these rules, such act shall be done in accordance with these rules and the procedure thereon shall conform to these rules, insofar as practicable.

Rule 81(c) simply applies the Rules of Civil Procedure when another statute provides that some act within the course of a civil proceeding is to be done "as provided by law" or "as in a civil action" or "as provided by any statute superseded" by the Rules. Rule 81(c) does not interject the Rules of Civil Procedure into other statutory schemes which provide different procedural requirements and, therefore, does not make the Rules applicable to informal proceedings, which are governed by the specific procedural provisions set forth in § 72-3-201, et. seq., MCA. This conclusion is consistent with the probate code itself, which is very clear about the applicability of the Rules of Civil Procedure to proceedings thereunder: "Unless specifically provided to the contrary in this code . . . the rules of civil procedure,

6

including the rules concerning vacation of orders and appellate review, govern *formal* proceedings under this code." Section 72-1-207, MCA (emphasis added).

¶14 Although the Bank's Rule 81(c) argument is without merit, that is not the end of the matter. The critical issue here is whether Spencer's request for judicial approval of the settlement and distribution of the estate changed the proceeding from informal to formal. Both parties concede that the Rules of Civil Procedure are applicable to formal proceedings, but contest the nature of this proceeding. In answer to the Bank's assertion that his petition made this a formal proceeding, Spencer argues that this matter was initiated as an informal proceeding, that the Bank did not file a formal proceeding, and therefore, the proceeding remained an informal one throughout the entire process, which concluded with the entry of the District Court's decree.

¶15 The Uniform Probate Code (UPC) provides for a "Flexible System of Administration of Decedents' Estates." UPC, Official Comments, Ch. 3. This flexibility allows proceedings for appointment of a personal representative, probate of a will, or other determination of testacy to be commenced either formally or informally by any interested party. Further, the UPC also envisions the use of formal and informal proceedings in combination, whereby a proceeding begun informally may be brought before the court for resolution of specific issues, and then returned to informal, nonjudicial, administration:

> [P]ersons interested in estates (including personal representatives, whether appointed informally or after notice) may use an "in and out" relationship to the court so that any question or assumption relating to the estate, including the status of an estate as testate or intestate, matters relating to one or more claims,

7

disputed titles, accounts of personal representatives, and distribution, may be resolved or established by adjudication after notice without necessarily subjecting the estate to the necessity of judicial orders in regard to other or further questions or assumptions.

. . . .

Overall, the system accepts the premise that the court's role in regard to probate and administration, and its relationship to personal representatives . . . is wholly passive until some interested person invokes its power to secure resolution of a matter.

UPC, Official Comments, Ch. 3. The two distinctions between formal and informal proceedings are the judge's involvement and notice. As correctly argued by the Bank, formal proceedings are conducted by a judge and require notice. Section 72-1-103(19), MCA. As quoted from the Official Comments above, formal matters are those which are "resolved or established by adjudication after notice." In contrast, informal proceedings are conducted by the clerk of court and generally do not require notice to interested persons. Section 72-1-103(24), MCA. (*See also* the description in UPC, Official Comments, Ch. 3, of informal probate as "a nonadjudicative determination.") Consequently, Spencer's act of petitioning for judicial approval of his final account, and for the settlement and distribution of the estate, converted the proceeding, at that point and for those purposes, to a formal proceeding.

¶16    As we have already stated, the Rules of Civil Procedure are applicable to formal estate proceedings. Further, this Court has specifically held that Rule 77(d), M.R.Civ.P., must be applied to the entry of a decree in a formal estate proceeding. In *Matter of Estate of Holmes* (1979), 183 Mont. 290, 599 P.2d 344, a devisee appealed to this Court from the entry of a

8

formal estate decree for which the personal representative had not given notice of entry of judgment. The Court first determined that a devisee was a "party" for purposes of Rule 77(d), and was thus entitled to notice of entry of the decree, because "devisee" was included within the definition of "interested person" for estates set forth in § 72-1-103(25), MCA. The Court then concluded:

> The effect of lack of notice of entry of the order of the District Court is covered by case law interpreting the Montana Rules of Civil Procedure. Rule 77(d) requires the clerk of court to send notice of orders entered in cases to parties to an action not in default for failure to appear. If the clerk fails to send the notice, the time for a party to appeal an order does not begin to run. *Pierce Packing Co. v. The District Court* (1978), 177 Mont. 50, 579 P.2d 760, 761-762; *Haywood v. Sedillo* (1975), 167 Mont. 101, 104, 535 P.2d 1014. This rule applies regardless of actual notice of the entry of the order by the party seeking to appeal the order. *Pierce*, 579 P.2d at 761. Here, the record does not disclose any notice having been sent to the [devisee] by the clerk at any time. Under *Pierce*, the time for appealing the order of the District Court has not yet begun to run. This is important in formal probate proceedings because the MUPC allows the District Court to modify or vacate orders in the proceedings within the time allowed for appeal. Section 72-3-318, MCA.

*Estate of Holmes*, 183 Mont. at 295, 599 P.2d at 347. Likewise here, the Bank, as a creditor who has filed a claim against the estate, is an "interested person" as defined by § 72-1-103(25), MCA ("'[i]nterested person' includes heirs, devisees, children, spouses, creditors . . ."). As such, the Bank was entitled to notice of entry of the formal estate decree. Although Rule 77(d) has been amended since *Estate of Holmes* to require the parties, instead of the clerk of court, to serve the notice, the effect is the same, and Spencer's reliance on *Dunkelberger* and *Challinor* is misplaced. The thirty-day appeal time enforced in those decisions did not begin to run here.

9

¶17 The Bank has filed a timely appeal, and this Court has jurisdiction to entertain it.

> Therefore, since [Appellant] never received the required notice from the clerk of court of entry of judgment . . . . [Appellant's] notice of appeal was timely filed and this Court has jurisdiction to hear and determine that appeal on its merits.

*Pierce Packing Co. v. District Court, Etc.* (1978), 177 Mont. 50, 54, 579 P.2d 760, 762.

¶18 Rule 77(d), M.R.Civ.P., allows either party to serve a notice of entry of judgment. The better procedure would have been for the Bank, prior to filing its appeal, to have initiated service of the notice of entry itself. Such service would have properly activated the post-judgment time frames established under the Rules. Nonetheless, on authority of *Pierce* and *Estate of Holmes*, the Bank's appeal is properly before the Court.

## Issue Two

¶19 Was the Bank entitled to a notice of hearing on Spencer's petition for adjudication of intestacy, for determination of heirs, and for settlement and distribution of the estate?

¶20 The parties acknowledge that the Bank was not served with either the petition for settlement and distribution of the estate or notice of hearing thereon, which was conducted by the District Court on January 8, 2001. The Bank argues that it was entitled to notice of the hearing pursuant to both §§ 72-3-805(3) and 72-3-1001, MCA, and that this failure of notice constitutes reversible error. The Bank asserts it was deprived of the opportunity to appear and contest Spencer's assertion that the Bank's claim was time-barred. The Bank also briefly avers a violation of constitutional due process, but does not develop the argument, and the issue will not be addressed here. The Court will not consider unsupported issues or

10

arguments. *In re Custody of Krause*, 2001 MT 37, ¶ 32, 304 Mont. 202, ¶ 32, 19 P.3d 811, ¶ 32.

¶21 Spencer argues that he gave more than sufficient notice to the Bank. He notes that he served the Bank with his Notice of Information to Heirs and Devisees, which was not required by law, that he published a notice to creditors, and also served a Notice of Disallowance of the Bank's creditor's claim. Spencer further argues that the Bank failed to demand notice under § 72-3-106, MCA, and therefore, the Estate was relieved of any further obligation to provide notice to the Bank by operation of §§ 72-1-103(24) and 72-3-211, MCA.

¶22 Section 72-1-103(24), MCA, states:

> "Informal proceedings" means proceedings conducted without notice to interested persons by the clerk of court . . . .

Section 72-3-211, MCA, states:

> **Informal probate–notice requirements.** (1) The moving party must give notice as described by 72-1-301 of his application for informal probate:
> (a) to any person demanding it pursuant to 72-3-106; and
> (b) to any personal representative of the decedent whose appointment has not been terminated.
> (2) No other notice of informal probate is required.

Spencer excuses his failure to serve the Bank with the petition and notice of hearing by again arguing that this was an informal proceeding, and as such, was to be completed without notice to interested persons, because informal proceedings are so defined in § 72-1-103(24), MCA. He further argues that, because the Bank failed to demand notice under § 72-3-106,

11

MCA, he was not required to give further notice to the Bank, citing the instruction in § 72-3-211(2), MCA, that "[n]o further notice of informal probate is required."

¶23 Spencer's reliance on these statutory provisions is based on his flawed assumption that the proceeding remained an informal one, even though he had filed a petition for judicial approval. As demonstrated under Issue 1, that assertion is erroneous. The filing of the petition, requesting intervention by a district court judge, changed the matter to a formal proceeding for purposes of the issues raised by the petition. Thus, the provisions regarding notice under formal proceedings became applicable. Because the petition addressed the validity of the Bank's declaratory judgment action filed in response to the Estate's disallowance of its claim, the Bank was entitled to notice of the hearing under § 72-3-805(3), MCA, which requires notice to be given to a claimant of a petition filed to address its claim, and further, was entitled to notice pursuant to § 72-3-1001, MCA. This latter section specifically addresses hearings to judicially terminate an estate's administration, whether administered formally or informally, and provides for notice:

> **Formal proceedings terminating administration–testate or intestate–order of complete settlement.** (1) A personal representative or any interested person may petition for an order of complete settlement of the estate. The personal representative may petition at any time, and any other interested person may petition after 1 year from the appointment of the original personal representative, except that no petition under this section may be entertained until the time for presenting claims which arose prior to the death of the decedent has expired.
>
> (2) The petition may request the court to determine testacy, if not previously determined, to consider the final account or compel or approve an accounting and distribution, to construe any will or determine heirs, and to adjudicate the final settlement and distribution of the estate.

12

(3) *After notice to all interested persons and hearing*, the court may enter an order or orders, on appropriate conditions, determining the persons entitled to distribution of the estate and, as circumstances require, approving settlement and directing or approving distribution of the estate and discharging the personal representative from further claim or demand of any interested person.

Section 72-3-1001, MCA (emphasis added). The Bank, as we have seen, was an "interested person," and was therefore entitled to notice of the hearing and the opportunity to appear and contest the judicial adjudication sought by the personal representative.

¶24 Addressing a similar issue in *Estate of Holmes*, this Court held that, in a formal estate proceeding, judicial "orders issued without notice are not binding on the parties that do not receive notice." *Estate of Holmes*, 183 Mont. at 295, 599 P.2d at 347. Consequently, as to the Bank, the decree is necessarily void and without effect, and must be reversed.

¶25 On appeal, the Bank has also challenged the validity of Spencer's publication of the Notice to Creditors in the *Missoula Independent* and the decree's determination that the Bank's declaratory action was time-barred. The Bank further raises a question concerning the amount of attorney fees approved by the court. However, given our holding herein, which reverses the decree, we decline to reach these issues, deeming them appropriate for resolution, if necessary, by the District Court following a new hearing, after notice, on the personal representative's petition. We deny the Respondent's request for Rule 32, M.R.App.P., sanctions.

13

¶26    Reversed and remanded for further proceedings consistent herewith.

_____
                              Justice

We concur:

_____
          Chief Justice

_____

_____

_____
          Justices

14