No. 04-062

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 209N

LARRY LULOFF,

        Plaintiff and Appellant,

   v.

JOHN N. RAISLER and LORI J. RAISLER,

        Defendants and Respondents.

APPEAL FROM:    District Court of the Twenty-Second Judicial District,
In and For the County of Carbon, Cause No. DV02-39
Honorable Blair Jones, Presiding Judge

COUNSEL OF RECORD:

        For Appellants:

        Larry Luloff, *Pro Se*, Roberts, Montana

        For Respondents:

        Stephen C. Mackey, James G. Gabriels; Towe, Ball, Enright,
Mackey & Sommerfeld, Billings, Montana

Submitted on Briefs:  June 15, 2004

Decided:   August 10, 2004

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1      Pursuant to Section 1, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2      Larry Luloff and the Stormitt Butte Property Owners Association brought an action to enforce covenant restrictions against John and Lori Raisler.  The Respondents opposed the action by filing a motion pursuant to Rule 17(a), M.R.Civ.P., claiming that neither Luloff nor the Stormitt Butte Property Owners Association was the real party in interest. Importantly, the terms of the covenant stated that:  "Enforcement of these Restrictions, Covenants and conditions shall be by the Property Owners Association as set out in Article XVI above, and not by any individual lot owner . . . ."  The Stormitt Butte Property Owners Association, however,  had assigned its right to enforce the covenant to Luloff.  According to the Respondents, the Property Owners Association had given up its right to enforce the covenant, yet, by the very terms of the covenants, Luloff, as an individual lot owner, could not enforce the covenant terms.  Thus, neither Luloff nor the Property Owners Association had an enforceable legal right and neither party was the real party in interest.

¶3      At a hearing on the motion, both parties stipulated to an agreement that the controversy about the real party in interest would be cured if Luloff would assign his rights

2

back to the Property Owners Association. Based on the stipulated agreement, the District Court ordered Luloff to assign his rights back to the Property Owners Association. Yet, three months later, Luloff had not yet assigned the rights back. The Respondents then moved to dismiss the cause of action, and the District Court dismissed without prejudice.

¶4 Luloff now appeals, claiming that the District Court discriminated against his attorney at the first hearing and failed to recognize that Luloff was the real party in interest. However, Luloff cites no relevant authority for his argument. Rule 23(a)(4), M.R.App.P., requires parties to cite to the authority on which their arguments rely. The Court will not consider unsupported arguments or issues. *Estate of Spencer*, 2002 MT 304, ¶ 20, 313 Mont. 40, ¶ 20, 59 P.3d 1160, ¶ 20. Furthermore, parties are bound by stipulations made by them or their counsel in open court. *In re Marriage of Killpack*, 2004 MT 55, ¶ 13, 320 Mont. 186, ¶ 13, 87 P.3d 393, ¶ 13. We have previously stated that we will not address an issue on appeal concerning a question of law or fact which a party raises after stipulating to that law or fact. *Delaware v. K-Decorators, Inc.*, 1999 MT 13, ¶ 81, 293 Mont. 97, ¶ 81, 973 P.2d 818, ¶ 81.

¶5 Therefore, we affirm the order of the District Court.


/S/ W. WILLIAM LEAPHART


3

We concur:

/S/ KARLA M. GRAY
/S/ PATRICIA O. COTTER
/S/ JOHN WARNER
/S/ JIM RICE