

DA 12-0737

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 231

IN THE MATTER OF THE ESTATE OF
VIOLET H. QUIRIN, a/k/a VI QUIRIN,

      Deceased.

APPEAL FROM:    District Court of the Fourth Judicial District,
                    In and For the County of Missoula, Cause No. DP-11-14
                    Honorable Karen Townsend, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                James P. O'Brien; O'Brien Law Office, P.C.; Missoula, Montana

        For Appellee:

                Harold V. Dye; Dye & Moe, PLLP; Missoula, Montana

                              Submitted on Briefs:  June 19, 2013

                                         Decided:  August 20, 2013

Filed:

                                      _____
                                                Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1      Cathie Schmiedeke (Schmiedeke) appeals from an order of Montana's Fourth Judicial District Court, Missoula County, denying her Motion for Substitution of Judge as untimely.  We affirm.

## ISSUE

¶2      Schmiedeke raises the following issue on appeal:

¶3      Did the District Court err in denying as untimely Schmiedeke's Motion for Substitution of Judge?

## FACTUAL AND PROCEDURAL BACKGROUND

¶4      Violet H. Quirin (Decedent) died testate on January 10, 2011.  Decedent was a widow and had two daughters, Schmiedeke and Marcy Speiser (Speiser).  Decedent's June 23, 2010 will acknowledged her daughters but expressly made no provision for them in her will.  The will appointed Decedent's friend, Kristine Fankell (Fankell), as the personal representative of Decedent's estate and revoked all prior wills.

¶5      On January 18, 2011, Fankell filed an application for informal probate.  The Clerk of Court accepted the application for informal probate and appointed Fankell as personal representative of Decedent's estate.  On January 24, 2011, Fankell issued by mail a Notice and Information to Heirs and Devisees.  The Notice and Information to Heirs and Devisees was sent to Schmiedeke and Speiser.

¶6      On May 2, 2011, Speiser filed a Petition for Supervised Administration of the Estate and a Petition for Formal Probate of the Will, Determination of Testacy and Heirs, and Appointment of Personal Representative.  Speiser attached a March 1, 2007 will of

Decedent that divided Decedent's estate equally between her two daughters. Speiser argued that Decedent was not competent at the time she executed the June 23, 2010 will. Discovery commenced on July 27, 2011.

¶7 Schmiedeke made her first appearance in this action on October 19, 2012. Schmiedeke filed an Objection to Application for Informal Probate of Will and Appointment of Personal Representative and Demand for Jury Trial, a Petition for Removal of Fankell as Personal Representative, and a Motion for Substitution of Judge. On November 5, 2012, Fankell submitted a Motion to Strike Pleadings Filed by Schmiedeke. Fankell argued that Schmiedeke's pleadings were improper because Schmiedeke was not a party to the proceeding and had not sought permission to intervene.

¶8 On December 5, 2012, the District Court denied Schmiedeke's Motion for Substitution of Judge as untimely under § 3-1-804(1)(a), MCA. The District Court determined that Schmiedeke had 30 days from the date the Notice and Information to Heirs and Devisees was served to file a motion to substitute the judge. Since the Notice and Information to Heirs and Devisees was sent on January 24, 2011, the District Court reasoned that Schmiedeke had until February 24, 2011 to file the motion. The District Court concluded that Schmiedeke's October 19, 2012 Motion for Substitution of Judge was filed far beyond the statutorily-prescribed time period. Furthermore, the District Court granted Fankell's motion to strike Schmiedeke's pleadings because Schmiedeke failed to timely move to intervene and her interests were adequately represented by Speiser. Schmiedeke appeals.

3

**STANDARDS OF REVIEW**

¶9 A district court's decision on whether a motion for substitution of a judge is timely is a conclusion of law that this Court reviews for correctness. *In re Estate of Greene*, 2013 MT 174, ¶ 5, 370 Mont. 490, ___ P.3d ___; *Patrick v. State*, 2011 MT 169, ¶ 12, 361 Mont. 204, 257 P.3d 365.

**DISCUSSION**

¶10 *Did the District Court err in denying as untimely Schmiedeke's Motion for Substitution of Judge?*

¶11 Section 3-1-804(1)(a), MCA, governs the right of parties in a civil action to move for substitution of a district court judge. Each adverse party is generally granted one opportunity to substitute the district court judge assigned to her case. Section 3-1-804(1), MCA. A motion for substitution of a district court judge must be filed within 30 calendar days after the first summons is served in compliance with M. R. Civ. P. 4 or an adverse party has appeared. Section 3-1-804(1)(a), MCA. A motion for substitution that is not timely filed is void and must be denied by the district court judge for whom substitution is sought. Section 3-1-804(4), MCA.

¶12 In an informal probate proceeding, the application for informal probate of a will and appointment of a personal representative is directed to the clerk of court rather than the district court judge. Section 72-3-201, MCA. The clerk of court is tasked with determining whether the application is complete and timely, and the clerk appoints the personal representative upon determining that the statutory requirements have been met. Sections 72-3-212 and -225, MCA. Within 30 days of appointment, the personal

4

representative must deliver or send by ordinary mail a notice of appointment to the heirs and devisees of the decedent. Section 72-3-603, MCA. An informal probate is a non-adjudicative proceeding to which the Montana Rules of Civil Procedure do not apply. *See In re Estate of Spencer*, 2002 MT 304, ¶ 13, 313 Mont. 40, 59 P.3d 1160; § 72-1-207, MCA ("Unless specifically provided to the contrary in this code or unless inconsistent with its provisions, the rules of civil procedure, including the rules concerning vacation of orders and appellate review, govern *formal* proceedings under this code.") (emphasis added).

¶13 An interested person may bring an informal probate under the supervision of the district court by filing a petition for formal testacy pursuant to Title 72, chapter 3, part 3, MCA, or by filing a petition for supervised administration pursuant to Title 72, chapter 3, part 4, MCA. *Estate of Greene*, ¶ 11. In contrast to informal probate of a will, formal proceedings are conducted before a judge with notice to interested persons. *Estate of Spencer*, ¶ 15; § 72-1-103(19), MCA. The Montana Rules of Civil Procedure apply in a formal estate proceeding. *Estate of Spencer*, ¶ 16; § 72-1-207, MCA.

¶14 This Court's recent decision, *Estate of Greene*, is highly analogous to the instant case. *Estate of Greene* began as an informal probate, but became a formal proceeding when one of the decedent's children petitioned for supervised administration. *Estate of Greene*, ¶¶ 3-4. The Court reasoned that since an informal probate is not a contested proceeding and does not fall under the supervision of a district court judge, it does not constitute a "civil action" for purposes of § 3-1-804, MCA. *Estate of Greene*, ¶¶ 9, 13. The Court determined that the 30-day timeline for substitution of a district court judge set

5

forth in § 3-1-804(1)(a), MCA, is triggered when an interested person files a petition that converts the proceeding to a court-supervised administration. *Estate of Greene*, ¶¶ 11-12. We concluded that the petitioner's motion for substitution of the district court judge was untimely because it was not filed within 30 calendar days of the filing of the petition for supervised administration. *Estate of Greene*, ¶ 15.

¶15 Similar to *Estate of Greene*, the administration of Decedent's estate began as an informal probate proceeding. When Speiser filed a Petition for Supervised Administration of the Estate and a Petition for Formal Probate of the Will, Determination of Testacy and Heirs, and Appointment of Personal Representative on May 2, 2011, the informal probate proceeding initiated by Fankell was converted into a formal proceeding and effectively came under the supervision of the District Court Judge. These May 2, 2011 filings triggered the 30-day deadline for filing a motion to substitute the District Court Judge pursuant to § 3-1-804(1)(a), MCA. *See Estate of Greene*, ¶¶ 11-12.

¶16 Schmiedeke argues that the timeline under § 3-1-804(1)(a), MCA, did not begin to run until she made her initial appearance on October 19, 2012, by filing her Objection to Application for Informal Probate of Will and Appointment of Personal Representative and Demand for Jury Trial, a Petition for Removal of Fankell as Personal Representative, and a Motion for Substitution of Judge. However, § 3-1-804(9), MCA, states that "No party who is joined or intervenes has any right of substitution after the time has run as to the original parties to the proceeding." Once the deadline passes for the original parties to move for substitution, subsequently joined parties may not do so. *Mattson v. Mont. Power Co.*, 2002 MT 113, ¶ 14, 309 Mont. 506, 48 P.3d 34. Accordingly, Schmiedeke

6

was required to file her Motion for Substitution of Judge within 30 days of May 2, 2011, the date that the matter was converted to a formal proceeding by Speiser. Schmiedeke's October 19, 2012 Motion for Substitution of Judge clearly failed to comply with the statutory deadline established by § 3-1-804(1)(a), MCA.

¶17 The District Court correctly determined that Schmiedeke's Motion for Substitution of Judge was untimely, but incorrectly concluded that the 30-day deadline was triggered on January 24, 2011, upon service of the Notice and Information to Heirs and Devisees. This Court will affirm a district court's decision when it reaches the correct result, even if it is for the wrong reasons. *Estate of Greene*, ¶ 14; *Mary J. Baker Revocable Trust v. Cenex Harvest States, Coops., Inc.*, 2007 MT 159, ¶ 80, 338 Mont. 41, 164 P.3d 851.

## CONCLUSION

¶18 For the foregoing reasons, we affirm the District Court's denial of Schmiedeke's Motion for Substitution of Judge.

/S/ PATRICIA COTTER

We Concur:

/S/ MIKE McGRATH
/S/ JIM RICE
/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS

7