DA 13-0714

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 216

---

DARREL W. SHARP, et al.,

        Petitioners and Appellants,

    v.

THE EUREKA TOWN COUNCIL and
THE TOWN OF EUREKA, MONTANA,

        Respondents and Appellees.

---

APPEAL FROM:    District Court of the Nineteenth Judicial District,
                  In and For the County of Lincoln, Cause No. DV 13-03
                  Honorable James B. Wheelis, Presiding Judge

COUNSEL OF RECORD:

        For Appellants:

        Douglas Scotti, Morrison & Frampton, PLLP, Whitefish, Montana

        For Appellees:

        Clifton W. Hayden, Hedman, Hileman & Lacosta, PLLP, Whitefish, Montana

---

                      Submitted on Briefs: June 4, 2014
                             Decided: August 12, 2014

Filed:

           _____
                           Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Petitioners Darrel W. Sharp, et al., appeal from an order of the Nineteenth Judicial District Court, Lincoln County, granting summary judgment in favor of the Eureka Town Council and the Town of Eureka, Montana (Eureka). We affirm.

¶2 The issue presented for review is whether § 7-2-4741, MCA, allows relation back of an amendment to the pleadings adding the names of an additional 89 petitioners previously identified as "John Does 1-200."

## PROCEDURAL AND FACTUAL BACKGROUND

¶3 On December 4, 2012, Eureka passed an ordinance of annexation encompassing the Midvale Water and Sewer District and the Mountain View Trailer Park (Midvale). The ordinance would extend the corporate limits of Eureka to include Midvale effective July 1, 2013. Darrel Sharp is the owner of property in Midvale. Sharp coordinated opposition to the annexation by collecting signed notices of opposition from the owners of 85 parcels of land, which he claimed represented a majority of real property owners in the area to be annexed.

¶4 On December 27, 2012, Sharp met with an attorney to discuss filing a petition for review of the annexation procedure pursuant to § 7-2-4741, MCA, which allows a majority of real property owners in the area to be annexed to petition for judicial review within 30 days of the passage of an annexation ordinance. Sharp claims he had already compiled a list of those individuals to be named as petitioners and represented them when meeting with counsel. The would-be petitioners, however, had not yet decided who would bear the costs of legal representation. The 30-day deadline for filing the petition was January 3, 2013. In an effort to meet this deadline, Sharp filed a petition naming himself, his wife Dorothy

2

Sharp, and "John Does 1-200" as petitioners. On March 14, 2013, after the petitioners had determined responsibility for legal fees, Sharp filed an amended petition naming himself, Dorothy Sharp, 89 other individuals, and "John Does 1-10" as petitioners.

¶5 On June 28, 2013, Eureka filed a motion to dismiss, arguing that the petitioners had failed to file a petition representing a majority of real property owners before the 30-day deadline. The petitioners responded that under M. R. Civ. P. 15(c), the amended petition naming the individual property owners should relate back to the date the original petition was filed. Sharp filed an affidavit stating that the names of the petitioners were already known to him at the time of filing, and included as an exhibit signed notices of objection collected before the petition was filed. The District Court converted Eureka's motion to dismiss to a motion for summary judgment and granted summary judgment in favor of Eureka, concluding that § 7-2-4741, MCA, did not allow relation back of amended pleadings. The petitioners filed this appeal.

## STANDARD OF REVIEW

¶6 A district court's ruling on a motion for summary judgment is reviewed de novo, applying the same criteria under M. R. Civ. P. 56(c) as the district court. *Turner v. Wells Fargo Bank, N.A.*, 2012 MT 213, ¶ 11, 366 Mont. 285, 291 P.3d 1082. Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. M. R. Civ. P. 56(c); *Turner*, ¶ 11.

**DISCUSSION**

¶7      *Whether § 7-2-4741, MCA, allows relation back of an amendment to the pleadings adding the names of an additional 89 petitioners previously identified as "John Does 1-200."*

¶8      Property owners in an area to be annexed may petition for judicial review of the annexation procedures followed by the municipality. Section 7-2-4741, MCA. The petition must be filed by a majority of real property owners or by the owners of property comprising 75% of the assessed value of real estate in the area within 30 days of the passage of an annexation ordinance. Section 7-2-4741, MCA. The reviewing district court may hear arguments, receive written briefs, and take evidence intended to show that statutory procedures were not followed or applicable standards were not met. Section 7-2-4742, MCA. The decisions of the governing body of the municipality are presumed to be reasonable and lawful until set aside. Section 7-2-4743, MCA. Either the petitioners or the municipality may appeal the decision of the district court in the manner prescribed by the Montana Rules of Appellate Procedure. Section 7-2-4744, MCA. The appealing party may also request a stay of the judgment of the lower court while the appeal is pending. Section 7-2-4744, MCA. Judicial review of annexation procedures is to be conducted "only in the manner provided in 7-2-4741 through 7-2-4744 [MCA]." Section 7-2-4746, MCA.

¶9      Petitioners claim relation back of their amended petition is permitted by the Montana Rules of Civil Procedure. Relation back of amendments is governed by M. R. Civ. P. 15(c)(1), which reads as follows:

> An amendment to a pleading relates back to the date of the original pleading when:

4

(A) the law that provides the applicable statute of limitations allows relation back;

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted . . . .

¶10 Petitioners argue M. R. Civ. P. 15(c)(1)(B) is applicable because the claims stated in their amended petition "arose out of the conduct, transaction, or occurrence set out . . . in the original pleading." We have held that relation back of amendments adding or changing a plaintiff is allowed where there is a close identity of interest between the original plaintiff and the present plaintiff and the new claim is based on the same allegations as the original claim. *Semenza v. Bowman*, 268 Mont. 118, 123, 885 P.2d 451, 454 (1994) (citing *Priest v. Taylor*, 227 Mont. 370, 381, 740 P.2d 648, 655 (1987)).

¶11 The Montana Rules of Civil Procedure, however, "do not supersede the provisions of statutes relating to appeals to or review by the district courts . . . ." M. R. Civ. P. 81. Section 7-2-4746, MCA, states that annexation decisions may be reviewed only in the manner provided in §§ 7-2-4741 through -4744, MCA. Where the Montana Rules of Civil Procedure are inconsistent with those statutory provisions, the statutory provisions must govern. M. R. Civ. P. 81. Moreover, M. R. Civ. P. 81 "does not interject the Rules of Civil Procedure into other statutory schemes which provide different procedural requirements . . . ." *In re Estate of Spencer*, 2002 MT 304, ¶ 13, 313 Mont. 40, 59 P.3d 1160.

¶12 Section 7-2-4741, MCA, sets out two requirements for the filing of a petition for review: the petition must be filed by a majority of real property owners of the area to be

annexed, and it must be filed within 30 days of passage of an annexation ordinance. If the petition requesting review does not meet these requirements, the court may not review the annexation procedures. Section 7-2-4746, MCA. Relation back under M. R. Civ. P. 15(c) would effectively nullify both of these requirements by allowing anyone—including a minority of real property owners or parties who do not own any real property in the area to be annexed—to file the initial petition, and then allowing a majority of real property owners to join after the 30-day deadline. Such an application of M. R. Civ. P. 15(c) is inconsistent with the manner of review provided in § 7-2-4741, MCA. The statutory provision must govern. Section 7-2-4746, MCA; M. R. Civ. P. 81. The requirements of § 7-2-4741, MCA, are clearly stated and do not contemplate relation back of an amendment adding the names of a majority of real property owners to the petition after the 30-day deadline has passed. Because we may not interject the provisions of M. R. Civ. P. 15(c) into the different procedural requirements stated by § 7-2-4741, MCA, we need not further address whether relation back would be permitted under the rule. *Spencer*, ¶ 13.

¶13    The petition in this case was filed by the Sharps alone. Although they claim to have had the support of a majority of property owners at the time, those property owners had not yet decided to join in the legal action, and the petition was not filed by them. Moreover, although Sharp presented signed notices of objection which he claimed demonstrated the intent of other real property owners to join him in seeking judicial review, the vast majority of the notices were collected prior to the passage of the annexation ordinance. They all state an objection to the act of annexation rather than an intention to seek review of the procedures followed. The right to protest an annexation before it occurs is legally distinct from the right

6

to seek judicial review of a completed annexation. *Gregg v. Whitefish City Council*, 2004 MT 262, ¶ 52, 323 Mont. 109, 99 P.3d 151. A property owner's exercise or waiver of one of these rights cannot be construed as the exercise or waiver of the other, separate right. *Gregg*, ¶¶ 52-53. The petition in this case was not filed within 30 days of the passage of the annexation ordinance by a majority of real property owners in the area to be annexed. Eureka was therefore entitled to judgment as a matter of law.

¶14　For the reasons stated above, the order of the District Court granting summary judgment to Eureka is affirmed.

/S/ LAURIE McKINNON

We Concur:

/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE